UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**02-20292-CR-MORENO**

Case No.

MAGISTRATE JUDGE
DUBÉ

21 U.S.C. 846
21 U.S.C. 841
21 U.S.C. 853

UNITED STATES OF AMERICA, )
                    Plaintiff, )
vs. )
 )
DALILA MARIA CORREA-SERNA, )
MIGUEL RODRIGUEZ, )
LUIS FERNANDO PANIAGUA, )
JESUS WUEYINTON CABEZAS, )
and EDILBERTO ARIAS, )
                    Defendants. )
_____ )

D.C.

FEB 28 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

## COUNT I

From on or about March 11, 2002, to on or about March 18, 2002, the exact dates being

unknown to the Grand Jury, at Miami, Miami-Dade County, in the Southern District of Florida, and

elsewhere, the defendants,

**DALILA MARIA CORREA-SERNA,**
**MIGUEL RODRIGUEZ,**
**LUIS FERNANDO PANIAGUA,**
**JESUS WUEYINTON CABEZAS,**
**and EDILBERTO ARIAS,**

did knowingly and intentionally combine, conspire, confederate and agree with each other, and with

persons both known and unknown to the Grand Jury, to possess with the intent to distribute a

Schedule II controlled substance, that is, five (5) kilograms or more of a mixture and substance

1



containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section

841(a)(1); all in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

## COUNT II

On or about March 18, 2001, at Miami, Miami-Dade County, in the Southern District of

Florida, and elsewhere, the defendants,

**DALILA MARIA CORREA-SERNA,
MIGUEL RODRIGUEZ,
LUIS FERNANDO PANIAGUA,
JESUS WUEYINTON CABEZAS,
and EDILBERTO ARIAS,**

did knowingly and intentionally attempt to possess with the intent to distribute a Schedule II

controlled substance, that is, five (5) kilograms or more of a mixture and substance containing a

detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), all in

violation of Title 21, United States Code, Sections 846 and 841 (b)(1)(A)(ii), and Title 18, United

States Code, Section 2.

## FORFEITURE
### (21 U.S.C. § 853)

1. The allegations contained in Counts I and II of this Indictment, which are punishable by

imprisonment for more than one year, are re-alleged and by this reference fully incorporated herein

for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of

Title 21, United States Code, Section 853.

2. Upon conviction of any violation of Title 21, United States Code, Sections 841, and/or

846, each defendant shall forfeit to the United States any property constituting or derived from any

proceeds which the defendants obtained, directly or indirectly, as the result of such violation, and

any property which the defendants used or intended to be used in any manner or part to commit

2

or to facilitate the commission of such violations.

3. Pursuant to Title 21, United States Code, Section 853(p), if property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

      (i)     cannot be located upon due diligence;

      (ii)    has been transferred, or sold to, or deposited with a third person;

      (iii)   has been placed beyond the jurisdiction of the Court;

      (iv)   has been substantially diminished in value; or

      (v)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable property.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
JACQUELINE BECERRA
ASSISTANT UNITED STATES ATTORNEY

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO- 02- 20292 CR-MORENO

v.

CERTIFICATE OF TRIAL ATTORNEY*

MAGISTRATE JUDGE
DUBÉ

CORREA-SERNA, et. al.

**Superseding Case Information:**
New Defendant(s)          Yes _____   No _____
Number of New Defendants         _____
Total number of counts           _____

**Court Division:** (Select One)

_X_ Miami   _____ Key West
_____ FTL   _____ WPB _____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

    MAR 2 8 2002
    CLARENCE MADDOX
    CLERK U.S. DIST. CT.
    S.D. OF FLA. - MIAMI

3.  Interpreter:          (Yes or No) YES
    List language and/or dialect _____ Spanish

4.  This case will take _3_ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                              (Check only one)

    | I   | 0 to 5 days      | _X_   | Petty   | _____ |
    |-----|------------------|-------|---------|-------|
    | II  | 6 to 10 days     | _____ | Minor   | _____ |
    | III | 11 to 20 days    | _____ | Misdem. | _____ |
    | IV  | 21 to 60 days    | _____ | Felony  | _X_   |
    | V   | 61 days and over | _____ |         |       |

6.  Has this case been previously filed in this District Court? (Yes or No) NO
    If yes:
    Judge: _____   Case No. _____
    (Attach copy of dispositive order)

    Has a complaint been filed in this matter? (Yes or No) YES
    If yes:
    Magistrate Case No. 02-2388-M-SIMONTON
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____ 3/18/02
    Defendant(s) in state custody as of _____
    Rule 20 from the _____   District of _____

    Is this a potential death penalty case? (Yes or No) NO

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes _x_ No   If yes, was it pending in the Central Region? __ Yes _X_ No

8.  Did this case originate in the Narcotics Section, Miami? _X_ Yes ___ No

JACQUELINE BECERRA
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 25135

*Penalty Sheet(s) attached

REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

02-20292  CR-MORENO

Defendant's Name: DALILA MARIA CORREA-SERNA

Case No:

MAGISTRATE JUDGE
DUBÉ

**Count #: I**   Conspiracy to Possess With Intent to Distribute Cocaine
21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A)(ii), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:II**   Attempted Possession With Intent to Distribute Cocaine
21 U.S.C. §§ 841(a)(1), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:**

MAR 28 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# U..TED STATES DISTRICT COU.. .
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**02 - 20292** CR-MOREN(

**Defendant's Name:** JESUS WUEYINTON CABEZAS

**Case No:**

MAGISTRATE JUDGE
DUBÉ

**Count #: I**  Conspiracy to Possess With Intent to Distribute Cocaine
21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A)(ii), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:II**  Attempted Possession With Intent to Distribute Cocaine
21 U.S.C. §§ 841(a)(1), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# U..TED STATES DISTRICT COU...
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**02 - 20 2 9 2   CR-MORENO**

**Defendant's Name:** EDILBERTO ARIAS

**Case No:**

**MAGISTRATE JUDGE**
**DUBÉ**

**Count #: I**   Conspiracy to Possess With Intent to Distribute Cocaine
21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A)(ii), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:II**   Attempted Possession With Intent to Distribute Cocaine
21 U.S.C. §§ 841(a)(1), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**02-20292** CR-MORENO

**Defendant's Name:** LUIS FERNANDO PANIAGUA

**Case No:**

MAGISTRATE JUDGE
DUBÉ

**Count #: I**   Conspiracy to Possess With Intent to Distribute Cocaine
21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A)(ii), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:II**   Attempted Possession With Intent to Distribute Cocaine
21 U.S.C. §§ 841(a)(1), and 846

**\*Max. Penalty:** Life Imprisonment

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**Count #:**

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**02 - 20292** CR-MORENO

**Defendant's Name:** MIGUEL RODRIGUEZ
**Case No:**

MAGISTRATE JUDGE
DUBÉ

**Count #: I**   Conspiracy to Possess With Intent to Distribute Cocaine
21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A)(ii), and 846

***Max. Penalty:** Life Imprisonment

**Count #:II**   Attempted Possession With Intent to Distribute Cocaine
21 U.S.C. §§ 841(a)(1), and 846

***Max. Penalty:** Life Imprisonment

**Count #:**

***Max. Penalty:**

**Count #:**

***Max. Penalty:**

**Count #:**

***Max. Penalty:**

**Count #:**

***Max. Penalty:**

***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96

FORM DBD-34
JUN. 85

No.——————

# UNITED STATES DISTRICT COURT

——— *SOUTHERN* ——— District of ———— *FLORIDA*

——— *CRIMINAL* ——— Division

## THE UNITED STATES OF AMERICA

vs.

**CORREA-SERNA, et. al.**

# INDICTMENT

21 U.S.C. § 846
21 U.S.C. § 841
21 U.S.C. § 853

*A true bill.*

*Foreperson*

FGJ 00-06(MIA)

*Filed in open court this*
*of* ——— *A.D. 2002*
——— *day,*

*Clerk*

*Bail, $*————————

Grand Jury Indictment NO. _05-mcn-762_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-2388-SIMONTON



FILED by _____ D.C.
MAG. SEC.

MAR 2 8 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.    MIAMI

UNITED STATES OF AMERICA,

vs.

**ORDER ON HEARING TO
REPORT RE COUNSEL**

MIGUEL RODRIGUEZ,

    The above named defendant having appeared before the Court as ordered and reported efforts to retain counsel, it is thereupon

ORDERED as follows:

    _____ Private counsel_____ appeared in open court and is noted as permanent counsel of record.

    _____ The defendant requested Court appointed counsel, was found eligible, and counsel will be appointed by separate order. *CJA — Luis Cassuso*

    _____ The defendant requested Court appointed counsel but was found ineligible, and shall appear before the Court on _____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

    _____ The defendant requested further time to retain counsel and shall appear before the Court on _____ at 10:00 a.m. to report regarding his/her further efforts to retain counsel, unless counsel notices a permanent appearance before that date.

    **DONE AND ORDERED** at Miami, Florida this ____28th____ day of _MARCH_____,2002.

TAPE 02A - *36-1130*

_____
JOHN J. O'SULLIVAN
**UNITED STATES MAGISTRATE JUDGE**

c. Defense Counsel
  Pretrial Services or Probation
  U.S. Marshal
  AUSA — *Becera*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.  02-2388-SIMONTON

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

EDILBERTO ARIAS,

       Defendant.
_____/



## DEFENDANT'S INVOCATION OF
## RIGHT TO SILENCE AND COUNSEL

    The defendant named above does hereby invoke his rights to remain silent and to counsel

with respect to any and all questioning or interrogation, regardless of the subject matter, including,

but not limited to, matters that may bear on or relate to arrest, searches and seizures, bail, pretrial

release or detention, evidence at trial, guilt or innocence, forfeitures, or that may be relevant to

sentencing, enhanced punishments, factors applicable under the U. S. Sentencing Guidelines,

restitution, immigration status or consequences resulting from arrest or conviction, appeals or other

post-trial proceedings.

    The defendant requests that the U. S. Attorney ensure that this invocation of rights is

honored, by forwarding a copy of it to all law enforcement agents, government officials, or



employees associated with the investigation of any matters relating to the defendant.  Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _A. Tyms for C.D._

Chantel R. Doakes
Assistant Federal Public Defender
A 5500578
150 W. Flagler Street, Suite 1700
Miami, FL 33130-1556
Telephone: (305) 530-7000
Fax: (305) 536-4559

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served via interoffice on the United States Attorney, 99 N. E. 4th Street, Miami, Florida 33132-2111, this 21st day of March, 2002.

_A. Tyms for C.D._

Chantel R. Doakes

F:\DoakesC\Mag Cases\Arias, Edilberto\Invocation.Mot

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-2388-SIMONTON

FILED by _____ D.C.
DKTG
25 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES OF AMERICA,

v.

EDILBERTO ARIAS

ORDER ~~DENYING GOVERNMENT'S~~
~~REQUEST FOR PRETRIAL DETENTION &~~
SETTING A BOND

*The Govt withdrew its request for ptd.*

This Cause came before the Court upon motion of (the government for pretrial detention) (the defendant to set a bond). Upon consideration, it is

ORDERED AND ADJUDGED as follows:

_____ The government's motion is **denied.**

_____ The defendant's motion is **granted**; bond is set at:

_____ Personal Surety, unsecured, in the amount of
$_____

_____ Personal Surety in the amount of $_____
with 10% posted with Clerk of Court.

_____ Personal Surety in the amount of $_____
secured by the following collateral: _____
_____

_____ Full Cash in the amount of $_____

✗ ✓ Corporate Surety in the amount of $ *100,000 w/nebbia*

_____ Full Cash or Corporate Surety in the amount of
$_____

In addition to the standard conditions of bond, the following special conditions are hereby imposed:

__ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
__ REPORT TO PTS AS FOLLOWS:         WEEKLY IN PERSON;         WEEKLY BY PHONE.
__ CURFEW IMPOSED 7 DAYS A WEEK FROM _____P.M. TO _____A.M.
__ MAINTAIN PRESENT RESIDENCE.
__ TRAVEL RESTRICTED TO THE SOUTHERN DISTRICT OF FLORIDA.
__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES
   PROHIBITED BY LAW.
__ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.
__ STAY AWAY FROM COMMERCIAL TRANSPORTATION FACILITIES, MARINAS, BUS TERMINALS AND AIRPORTS.
__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.
__ COSIGNERS ARE NOT TO FURTHER ENCUMBER PROPERTY DURING PENDENCY OF CASE.
___ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: _____
_____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is:_____

**DONE AND ORDERED** at Miami, Florida this 22nd day of MARCH 2002.

TAPE NO.02FX- 39-1520+
        1843

c:AUSA, Defense Counsel, AFPD
  Pretrial Services, US Marshal

*Andrea M Simonton*

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

*✱ The defendant is not to be released without a further hearing to satisfy nebbia condition and set special conds of release. Bond hearing held.*

FILED by _A_ D.C.
DKTG

_2 5_ 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  02-2388-SIMONTON

UNITED STATES OF AMERICA,                    *Stipulated*

                                    ~~ORDER DENYING GOVERNMENT'S~~

v.                                  ~~REQUEST FOR PRETRIAL DETENTION &~~

                                    SETTING A BOND

JESUS CABEZAS                       *The Court withdrew its request for ptd.*

    This Cause came before the Court upon motion of (the government
for pretrial detention) (the defendant to set a bond).  Upon
consideration, it is

    **ORDERED AND ADJUDGED** as follows:

\_\_\_\_\_ The government's motion is **denied.**

\_\_\_\_\_ The defendant's motion is **granted**; bond is set at:

    \_\_\_\_ Personal Surety, unsecured, in the amount of

                                                $

    \_\_\_\_ Personal Surety in the amount of  $
    with 10% posted with Clerk of Court.

    \_\_\_\_ Personal Surety in the amount of  $
    secured by the following collateral: _____

    \_\_\_\_ Full Cash in the amount of $

✳   ✓ Corporate Surety in the amount of $ 250,000 w/nebbia

    \_\_\_\_ Full Cash or Corporate Surety in the amount of
                 $

In addition to the standard conditions of bond, the following
special conditions are hereby imposed:

\_\_ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
\_\_ REPORT TO PTS AS FOLLOWS:        WEEKLY IN PERSON;        WEEKLY BY PHONE.
\_\_ CURFEW IMPOSED 7 DAYS A WEEK FROM \_\_\_\_\_.P.M. TO _____A.M.
\_\_ MAINTAIN PRESENT RESIDENCE.
\_\_ TRAVEL RESTRICTED TO THE SOUTHERN DISTRICT OF FLORIDA.
\_\_ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES
   PROHIBITED BY LAW.
\_\_ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
\_\_ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
\_\_ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.
\_\_ STAY AWAY FROM COMMERCIAL TRANSPORTATION FACILITIES, MARINAS, BUS TERMINALS AND AIRPORTS.
\_\_ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.
\_\_ COSIGNERS ARE NOT TO FURTHER ENCUMBER PROPERTY DURING PENDENCY OF CASE.
\_\_\_ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND: _____

If bond is changed from that set in another District, the reason
pursuant to Rule 40(f) is: _____

**DONE AND ORDERED** at Miami, Florida this _22nd_ day of _MARCH_ 2002.

TAPE NO. 02FX-39-1520

_Andrea M Simonton_ (signature)

c:AUSA, Defense Counsel, _Glen Kritzer_   **ANDREA M. SIMONTON**
   Pretrial Services, US Marshal   **UNITED STATES MAGISTRATE JUDGE**

✳ *The parties reserve the right to a full bond hearing.*
*No hearing held.*

FILED by _____ D.C.
DKTG

25 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-2388-SIMONTON

UNITED STATES OF AMERICA,                    *Stipulated*

**ORDER ~~DENYING GOVERNMENT'S~~**

v.                          **~~REQUEST FOR PRETRIAL DETENTION &~~**

**SETTING A BOND**

DALILA CORREA-SERNA _____ *The Gov't withdrew its request for ptd.*

This Cause came before the Court upon motion of (the government
for pretrial detention) (the defendant to set a bond). Upon
consideration, it is

**ORDERED AND ADJUDGED** as follows:

_____ The government's motion is **denied.**

_____ The defendant's motion is **granted**; bond is set at:

____ Personal Surety, unsecured, in the amount of
_____ $_____

____ Personal Surety in the amount of  $_____
with 10% posted with Clerk of Court.

____ Personal Surety in the amount of  $_____
secured by the following collateral: _____
_____

____ Full Cash in the amount of $_____

*⚹* __✓__ Corporate Surety in the amount of $ *250,000 CSB/Nebbia*

____ Full Cash or Corporate Surety in the amount of
_____ $_____

In addition to the standard conditions of bond, the following
special conditions are hereby imposed:

__ SURRENDER ALL PASSPORTS & TRAVEL DOCUMENTS TO PRETRIAL SERVICES.
__ REPORT TO PTS AS FOLLOWS:        WEEKLY IN PERSON;        WEEKLY BY PHONE.
__ CURFEW IMPOSED 7 DAYS A WEEK FROM _____P.M. TO _____A.M.
__ MAINTAIN PRESENT RESIDENCE.
__ TRAVEL RESTRICTED TO THE SOUTHERN DISTRICT OF FLORIDA.
__ SUBMIT TO RANDOM URINE TESTING BY PRETRIAL SERVICES FOR THE USE OF NON-PHYSICIAN-PRESCRIBED SUBSTANCES
PROHIBITED BY LAW.
__ MAINTAIN OR ACTIVELY SEEK FULL-TIME EMPLOYMENT.
__ MAINTAIN OR BEGIN AN EDUCATIONAL PROGRAM.
__ AVOID ALL CONTACT WITH VICTIMS OF OR WITNESSES TO THE CRIMES CHARGED.
__ STAY AWAY FROM COMMERCIAL TRANSPORTATION FACILITIES, MARINAS, BUS TERMINALS AND AIRPORTS.
__ REFRAIN FROM POSSESSING A FIREARM, DESTRUCTIVE DEVICE OR OTHER DANGEROUS WEAPON.
__ COSIGNERS ARE NOT TO FURTHER ENCUMBER PROPERTY DURING PENDENCY OF CASE.
___ COMPLY WITH THE FOLLOWING ADDITIONAL SPECIAL CONDITIONS OF THIS BOND:_____

_____

If bond is changed from that set in another District, the reason
pursuant to Rule 40(f) is:_____

**DONE AND ORDERED** at Miami, Florida this _22nd_ day of _MARCH_ 2002.

TAPE NO. 02FX- *39 - 1520*

_____
ANDREA M. SIMONTON
c:AUSA, Defense Counsel, *Charles White*   **UNITED STATES MAGISTRATE JUDGE**
Pretrial Services, US Marshal

*⚹ Parties reserve the right to a full bond hearing.
No hearing held.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _02-2388- AmS_

UNITED STATES OF AMERICA,

v.

_Migel RodRiguez_

**NOTICE OF TEMPORARY
APPEARANCE AS COUNSEL**

COMES NOW _Alvin Goodman_ and
files this temporary appearance as counsel for the above named
defendant(s) at initial appearance. This appearance is made with
the **understanding** that the undersigned counsel will fulfill any
**obligations imposed** by the Court such as **preparing and filing
documents** necessary to collateralize any personal surety bond
which may be set.

Counsel's Name (**Printed**) _Alvin Goodman_

Counsel's Signature _[signature]_

Address _999 Ponce de leon Blvd_
_Coral Gables, Fl 33134_ ZIP CODE:

Telephone _(305) 274 6000_

CASE NUMBER_____02 2388 Ams

INTERPRETER REQUIRED IN CASE



FOREIGN LANGUAGE_____SPANISH_____

DEFENDANT(S)___ELIBERTO ARIAS_____
Dalia Correa-Serna
Jesus Cabezas
Luis Paniagua
Miguel Rodriguez

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02 2388 AmS_

UNITED STATES OF AMERICA

                Plaintiff,

v.

MIGUEL RODRIGUEZ
          Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language __SPANISH__
Tape No. _02FX- 32-1547, 3565+33_
AUSA _Jackie Becerra_ FILED 548
Agent _____

DOB: 10-12-71     Reg# 68425-004

    The above-named defendant having been arrested on _3/18/02_ _____ having appeared before the court for initial appearance on _____3/19/02_____ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:
1. _Alvin Goodman_ appeared as permanent/temporary counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
2 ._____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
_____ _3/28_ _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _4/2_ _____, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or
(f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance
  bond, pursuant to 18 U.S.C. Section 3142:
**\*** _$200,000 CSB/nebbia — hearing held._

This bond shall contain the standard conditions of bond printed in the bond form of this Court and,
in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
    substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

**\*** _The defendant is not to be released without_
_further hrg to set conditions of release & satisfy_
_nebbia._

Page 1 of 2



MIGUEL RODRIGUEZ

\_\_\_e. Maintain or begin an educational program.
\_\_\_f. Avoid all contact with victims of or witnesses to the crimes charged.
\_\_\_g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
\_\_\_h. Comply with the following curfew: _____
\_\_\_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
\_\_\_j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                   On Warrant _____/\_\_\_\_
                   After Hearing \_\_\_√\_\_\_\_\_

      If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is \_\_\_
_____
_____
_____

\_\_\_\_\_ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d
303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled
promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the
   conditions set forth herein or those later ordered by the court, the defendant is subject to arrest
   and revocation of release and to various civil and criminal sanctions for any violation of those
   conditions.  These various sanctions and penalties are set forth more fully in the Appearance
   Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond
   has been executed in accordance with this or subsequent court order.

      **DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>  19  </u> day of <u>  MARCH  </u>
2002 .

                                        _Andrea M Simonton_
                               **UNITED STATES MAGISTRATE JUDGE**
                               **ANDREA M. SIMONTON**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02 2 3 8 8 AmS_

UNITED STATES OF AMERICA

                       Plaintiff,

v.

LUIS PANIAGUA
              Defendant.

_____/

**ORDER ON INITIAL APPEARANCE**
Language _SPANISH_
Tape No. _02FX- 32-1547, 3565_
AUSA _Jackie Becerra_
Agent _____

DOB: 11-14-55     Reg# 6842 2-004

MAR 19 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

The above-named defendant having been arrested on _3/18/02_ having appeared before the court for initial appearance on _____3/19/02_____ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. _CJA - Richard DeCobo_ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_    _4/2_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   _Temporary bond - $80,000 CSB/Nebbia. No hrg held._
   _Deft may set down bond hrg at any time by duty mag S._
   This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
   ___a. Surrender all passports and travel document to the Pretrial Services Office.
   ___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

   other: _____
   ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
   ___d. Maintain or actively seek full time gainful employment.

Page 1 of 2



koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02 2388 mS_

UNITED STATES OF AMERICA

               Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language _SPANISH_
Tape No. _02- FX 32 - 1547, 35/36 33-281_
AUSA _Jackie Becerra_
Agent _____

v.

EDILBERTO ARIAS
       Defendant.

DOB: 10/8/77     Reg# 68424-004
_____/

    The above-named defendant having been arrested on _3/18/02_ having appeared before the court for initial appearance on _3/19/02_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. _AFPD_____appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _Gov't rec - risk + danger; dft reg Thurs/Fri. Court sets_
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am   3/22_., 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



<u>    EDILBERTO ARIA    </u>

\_\_\_e. Maintain or begin an educational program.
\_\_\_f. Avoid all contact with victims of or witnesses to the crimes charged.
\_\_\_g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
\_\_\_h. Comply with the following curfew: _____
\_\_\_i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
\_\_\_j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                    On Warrant _____
                    After Hearing _____

        If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is \_\_\_
_____
_____

\_\_\_\_\_ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

        **DONE AND ORDERED** at <u>Miami, Florida</u>, this<u>   19     </u>day of <u>   MARCH     </u>
2002 .

                                        <u>_/s/ Andrea M Simonton_</u>
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **ANDREA M. SIMONTON**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02 2388 Simonton_

UNITED STATES OF AMERICA

                    Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language _SPANISH_
Tape No. _02FX- 32 - 1547, 3563 sec 3-432_

v.

AUSA _Jackie Becerra_
Agent _____

JESUS CABEZAS
                    Defendant.

DOB: 12-02-74          Reg# 68426-904

_____/

    The above-named defendant having been arrested on _3/18/02_ having appeared before the court for initial appearance on _3/19/02_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code:_____ Telephone: _____
2. _CJA - Glenn Kritzer_ _____ appointed as permanent counsel of record.
Address:_____
Zip Code:_____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am  4/2_, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _Govt rec - risk + danger_
  A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am  3/22_, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_____
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
    other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



JEUSUS CABEZAS

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this   19      day of ___MARCH_____
2002 .

_____
**UNITED STATES MAGISTRATE JUDGE**
**ANDREA M. SIMONTON**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02-2388- Simonton_

UNITED STATES OF AMERICA

              Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language _SPANISH_
Tape No. _02- FX 32-1547 + 35-65 sec_
AUSA _Jackie Becerra_
Agent _____

v.

DALILA CORREA-SERNA
           Defendant.

DOB: 6/24/64                Reg# 68423-004

_____/

    The above-named defendant having been arrested on _3/18/02_ having appeared before the court for initial appearance on _3/19/02_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
2. _CJA - Charles White_____ appointed as permanent counsel of record.
Address:_____
Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am   4/2_____, 2002.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _Gov+ rec - risk + danger_____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am   3/22____, 2002.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
_____
_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;

    other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.

__DALILA CORREA-SERNA___

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:

_____

_____

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___

_____

_____

_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

   **DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>19</u> day of ___MARCH_____
2002 .

                                        _____
                                        **UNITED STATES MAGISTRATE JUDGE**
                                        **ANDREA M. SIMONTON**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

03/18/02  13:01 FAX                                                    ☒001

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Misc. No. O2-2388-AMS

UNITED STATES of AMERICA,

    v.

DALILA MARIA CORREA-SERNA,
JESUS WUEYINTON CABEZAS,
EDILBERTO ARIAS,
LUIS FERNANDO PANIAGUA, and
MIGUEL RODRIGUEZ.



FILED by
MAG. SEC.

MAR 19 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.   MIAMI

## CRIMINAL COVER SHEET

1.    Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? _____ Yes __X__ No

2.    Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? _____ Yes __X__ No

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

BY: _____
JACQUELINE BECERRA
ASSISTANT UNITED STATES ATTORNEY
Florida Bar Number 25135
99 N. E. 4th Street
Miami, Florida   33132-2111
Telephone: (305) 961-9243

AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

___SOUTHERN___ DISTRICT OF ___FLORIDA___

UNITED STATES OF AMERICA

v.                                          **CRIMINAL COMPLAINT**

DALILA MARIA CORREA-SERNA,
JESUS WUEYINTON CABEZAS,
EDILBERTO ARIAS,
LUIS FERNANDO PANIAGUA, and
MIGUEL RODRIGUEZ.

CASE NUMBER: 02-2388-AMS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  From on or about <u>March 11, 2002,</u> until on or about <u>March 18, 2002</u>, in Miami Dade county, in the Southern District of Florida the defendants did, knowingly and intentionally conspire to possess with the intent to distribute a Schedule II controlled substance, that is, five (5) kilogram or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii).

I further state that I am a Special Agent and that this complaint is based on the following facts:

**See Attached Affidavit.**

_____
Signature of Complainant
**Miguel A. Flores, Special Agent**
**Drug Enforcement Administration**

Sworn to before me, and subscribed in my presence,

March 19, 2002 _____        Miami, FL   at  _____
Date                                     City and State

Andrea Simonton _____        _____
Name and Title of Judicial Officer       Signature of Judicial Officer

## AFFIDAVIT

I, Miguel A. Flores, being duly sworn, do hereby depose and say:

1. I am employed by the Drug Enforcement Administration (DEA) and have been so employed for approximately 4 years. I am currently assigned to Enforcement Group 6, Miami Field Division.

2. The facts contained herein are based on my personal knowledge or knowledge provided to me by other law enforcement agents or other credible sources of information. This affidavit is only to provide probable cause for the issuance of a criminal complaint against Dalila Maria CORREA-Serna, Miguel RODRIGUEZ, Luis Fernando PANIAGUA, Jesus Wueyinton CABEZAS, and Edilberto ARIAS. It does not contain all of the information known to me regarding this investigation.

3. On March 11, 2002, a Confidential Source (CS) met with CORREA-Serna. The CS had been recommended to CORREA-Serna by a subject in Colombia as a source of supply for cocaine. During the meeting, negotiations took place in regards to the sale of fifty (50) kilograms of cocaine. The meeting was recorded.

4. On March 13, 2002, the CS introduced an undercover law enforcement officer (UC) to CORREA-Serna. The UC was introduced as the CS' source of supply. During the meeting, negotiations took place in regards to the purchase of fifty (50) kilograms of cocaine. Throughout the negotiations, CORREA-Serna requested that the kilograms be supplied to her prior to making any payment. However, CORREA-Serna advised that she would supply a vehicle for the transactions. The vehicle was to be loaded with the cocaine and then delivered to CORREA-Serna. This meeting was recorded.

5. On March 14, 2002, the UC again met with CORREA-Serna. During this meeting, the UC advised CORREA-Serna that he would supply twenty-five (25) kilograms of cocaine for $15,000.00 per kilogram. After CORREA-Serna received and verified the cocaine, she would make payment. Shortly thereafter, CORREA-Serna would receive the additional twenty-five (25) kilograms of cocaine. CORREA-Serna was further advised to notify the UC upon obtaining the vehicle. This meeting was recorded.

6. Between March 14, 2002, and March 16, 2002, the UC had several telephone conversations with CORREA-Serna. The conversations resulted in a meeting being scheduled for March 18, 2002. At that time, CORREA-Serna advised the UC that she would have the vehicle. These telephone conversations were recorded.

7. On March 18, 2002, the UC met CORREA-Serna. During this time, CORREA-Serna provided the UC with the keys to a 1992, red, Infiniti Q-45, vin number JNKNG01C8NM211133 and Florida registration number U64VHJ. A check with the Florida Department of Motor Vehicles indicated that the registered owner of the vehicle was RODRIGUEZ. After receiving the keys, the UC advised CORREA-Serna that she would be contacted once the vehicle was loaded. This meeting was recorded.

8. Later this same date, law enforcement officers established surveillance at the Dolphin Mall, located at NW 112th Avenue and NW 12th Street, Miami, Florida. Surveillance was focused on the aforementioned vehicle, which was loaded with 25 kilograms of sham cocaine. The vehicle had been placed in the parking lot, with the sham cocaine secured in the trunk.

9. After the vehicle had been parked, the UC notified CORREA-Serna via telephone. At this time, CORREA-Serna was advised to meet the UC at the Dolphin Mall. The telephone call was recorded.

10. Later this same date, the UC met CORREA-Serna at the Dolphin Mall. Shortly thereafter, PANIAGUA, ARIAS and CABEZAS joined CORREA-Serna and the UC. During this time, all four (4) subjects engaged in a conversation in regards to the safe retrieval and transportation of the cocaine. The UC further directed ARIAS and CABEZAS to an additional undercover law enforcement officer (UC2). The UC advised that UC2, who was located at entrance/exit 2 of the Dolphin Mall, had the keys to the vehicle. This meeting was recorded.

11. Subsequently, ARIAS and CABEZAS respond to UC2's location. PANIAGUA remained with the UC and CORREA-Serna. At this time, UC2 escorted ARIAS and CABEZAS to the load vehicle. Upon reaching the vehicle, UC2 opened the trunk and showed the sham kilograms to ARIAS and CABEZAS. After ARIAS and CABEZAS acknowledged the cocaine, UC2 shut the trunk. UC2 then gave the keys to the vehicle to ARIAS, who in turn gave them to CABEZAS. ARIAS and CABEZAS then approached the vehicle as if to enter, at which time, surveillance units moved in to effect their arrest. ARIAS was arrested at the vehicle and CABEZAS was arrested after a short foot chase.

12. Once ARIAS and CABEZAS were in custody, additional units approached CORREA-Serna and PANIAGUA in the mall. Both subjects were taken into custody without incident.

13. Upon being arrested, CORREA-Serna immediately began to cooperate. CORREA-Serna advised that the subjects purchasing the cocaine were at the La Carreta Restaurant, located at the International Mall. CORREA-Serna's cooperation resulted in three (3) recorded telephone conversations with RODRIGUEZ. During the conversations, RODRIGUEZ and CORREA-Serna discussed where to meet. RODRIGUEZ eventually advised CORREA-Serna to met him at Rey's Pizza, located at 107th Avenue and Flagler Street, Miami, Florida.

14. CORREA-Serna was then transported to Rey's Pizza. Upon arrival, she positively identified RODRIGUEZ as the subject who provided the vehicle and was purchasing the cocaine. RODRIGUEZ was observed standing on the southwest corner of Rey's Pizza. RODRIGUEZ was then taken into custody without incident.

15. In a post arrest statement, CORREA-Serna advised that PANIAGUA was her driver and that he was aware that they were participating in a drug transaction.

16. Based upon the foregoing information, your Affiant requests the issuance of a compliant charging Dalila Maria CORREA-Serna, Miguel RODRIGUEZ, Luis Fernando PANIAGUA, Jesus Wueyinton CABEZAS, and Edilberto ARIAS with violations of Title 21, United States Code, Sections 841 and 846, on the basis of the probable cause set forth in this affidavit.

S/A Miguel A. Flores, DEA

Sworn to and subscribed before me this
/ day of March, 2002

Andrea M. Smonti
U.S. Magistrate Judge

MM 5800.12A
MARCH 19, 1999
PAGE 18

Attachment B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA  )    CASE NUMBER: CR _02-2388·SIMONTON_

            Plaintiff  )

                 )

      -vs-      )    REPORT COMMENCING CRIMINAL

_MIGUEL RODRIGUEZ_  )    ACTION

_____  )    68425-004

        Defendant

FILED by _____ D.C.
MAG. SEC.

MAR 19 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: CLERK'S OFFICE  ,  (MIAMI)    FT. LAUDERDALE    W. PALM BEACH

    U.S. DISTRICT COURT      (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES

     COURT ABOVE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)    DATE AND TIME OF ARREST: _3/18/2002_    _340_ a.m./(p.m.)

(2)    LANGUAGE(S) SPOKEN: _SPANISH - SOME ENGLISH_

(3)    OFFENSE(S) CHARGED: _CONSP PWI COCAINE 21 USC 846_

(4)    UNITED STATES CITIZEN: ( )YES  (X)NO    ( )UNKNOWN

(5)    DATE OF BIRTH: _10/12/1971_

(6)    TYPE OF CHARGING DOCUMENT:  (CHECK ONE)
    [ ] INDICTMENT  [X] COMPLAINT    CASE # _____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT

MARCH 19, 1999
PAGE 18

Attachment B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )   CASE NUMBER: CR 02-2388- SIMONTON

        Plaintiff )

                  )   REPORT COMMENCING CRIMINAL

      -vs- )   ACTION

ANIAHUA, Luis )

        Defendant

FILED by ____ D.C.
MAG S.C.
MAR 19 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF FLA. MIAMI

08422-004

***************************************************************

TO: CLERK'S OFFICE , **MIAMI**   FT. LAUDERDALE   W. PALM BEACH

    U.S. DISTRICT COURT   (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES

      COURT ABOVE.

***************************************************************

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: 3/18/02  2:24   a.m./**p.m**.

(2)   LANGUAGE(S) SPOKEN: Spanish

(3)   OFFENSE(S) CHARGED: Conspiracy - Cocaine

(4)   UNITED STATES CITIZEN: ( )YES   (X)NO   ( )UNKNOWN

(5)   DATE OF BIRTH: 11/14/53

(6)   TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
    [ ] INDICTMENT   [✓] COMPLAINT   CASE #_____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT

MIM 5800.12A

MARCH 19, 1999

PAGE 18

Attachment B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )    CASE NUMBER: CR _02-2388-SIMONTON_

           Plaintiff )

               )

      -vs- )    REPORT COMMENCING CRIMINAL

               )    ACTION

_EDILBERTO ARIAS_ )

           Defendant

[stamp: FILED by ___ D.C. / MAG. SEC. / MAR 19 2002 / CLARENCE MADDOX / CLERK U.S. DIST. CT. / S.D. OF FLA. MIAMI]

_68424-004_

***************************************************

TO: CLERK'S OFFICE ,  (MIAMI)    FT. LAUDERDALE    W. PALM BEACH

    U.S. DISTRICT COURT    (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES

      COURT ABOVE.

***************************************************

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)    DATE AND TIME OF ARREST: _3/18/02_    _2:45_    a.m.(p.m.)

(2)    LANGUAGE(S) SPOKEN: _SPANISH_

(3)    OFFENSE(S) CHARGED: _CONSP TO DIST. COCAINE_

_____

(4)    UNITED STATES CITIZEN: ( )YES    (✓)NO    ( )UNKNOWN

(5)    DATE OF BIRTH: _10/08/1977_

(6)    TYPE OF CHARGING DOCUMENT:    (CHECK ONE)
    [ ] INDICTMENT    [✓] COMPLAINT    CASE # _____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT

MIM-5800.12A
MARCH 19, 1999
PAGE 18

Attachment B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA  )   CASE NUMBER: CR _02-2388-S/MONTON_

           Plaintiff  )

                    )

         -vs-      )   REPORT COMMENCING CRIMINAL

                    )         ACTION

_Jesus Cabezas_  )

         Defendant      _68426-004_

**FILED by ___ D.C.**
**MAG. SEC.**
**MAR 19 2002**
**CLARENCE MADDOX**
**CLERK U.S. DIST. CT.**
**S.D. OF FLA. - MIAMI**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: CLERK'S OFFICE  ,  (MIAMI)    FT. LAUDERDALE    W. PALM BEACH

    U.S. DISTRICT COURT        (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES

     COURT ABOVE.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1)    DATE AND TIME OF ARREST: _3/18/02_    _2:45_    a.m./p.m.

(2)    LANGUAGE(S) SPOKEN: _SPANISH_

(3)    OFFENSE(S) CHARGED: _CONSP. TO DIST. COCAINE._

(4)    UNITED STATES CITIZEN:  ( )YES    (✓)NO    ( )UNKNOWN

(5)    DATE OF BIRTH: _12/02/1974_

(6)    TYPE OF CHARGING DOCUMENT:  (CHECK ONE)  _P/C_
    [ ] INDICTMENT    [ ] COMPLAINT    CASE # _____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT

MIM 5800.12A
MARCH 19, 1999
PAGE 18

Attachment B

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA )     CASE NUMBER: CR _02-2388-5/MONTON_

       Plaintiff )

       )

     -vs- )     REPORT COMMENCING CRIMINAL

       )     ACTION

_Dalia Correa-Serna_

      **Defendant**

FILED by _MC_ D.C.
MAG. SEC.
MAR 19 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# 68422-004

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

TO: CLERK'S OFFICE , (MIAMI)     FT. LAUDERDALE      W. PALM BEACH

   U.S. DISTRICT COURT          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES

      COURT ABOVE.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: ___03-18-02___ a.m./p.m.

(2)   LANGUAGE(S) SPOKEN: ___Spanish___

(3)   OFFENSE(S) CHARGED: ___Consp. Dist. Cocaine___

(4)   UNITED STATES CITIZEN: ( )YES    (X)NO     ( )UNKNOWN

(5)   DATE OF BIRTH: ___6-24-64___

(6)   TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
     [ ] INDICTMENT     [X] COMPLAINT     CASE # _____
     [ ] BENCH WARRANT FOR FAILURE TO APPEAR
     [ ] PAROLE VIOLATION WARRANT